The court
(Grimke, Waties, Bay, and Brevard, Justices)
were all clear, that a right of possession vested instantly upon the execution of the deed of gift, and that Dorothy was intitled to the property given as a joint-tenant; and (herefore, that upon her intermarriage with Jacob Geiger, the pioperty, and right of possession which she had, vested in Jacob Geiger, and became part of his personal estate, and ought to have been returned as such in the inventory : and that the direction given to the jury, by the district court, was right.
A new trial was consequently refused.
Note In general, a gift is accompanied with the immediate delivery of possession ; but it is not always done, nor is it necessary. It requires some slight evidence of a delivery, in the case of a parol gift, see 2 Str 955, but not where there is written evidence of the gift, for there a delivery must be presumed. Where a merchant beyond sea consigns goods to a merchant in London, on account of the latter, and. draws bills on him for such goods, although the money is not paid, yet the property of the goods vests in the merchant in London, who is credited for them, and they become liable to his debts. 2 Wooddes. 430. 3 P. Wms. 413. The marriage is an absolute gift of the wife’s chattels personal in her own right, Co. Lit, 351. Co. Lit. 46. If chattels are given to a with, *486 the interest vests in the husband, although he has not possession of them before the death of the wife. 2 Com. Dig. 82, 84. ¡see the next following case.
Qumrc. Whether it would have varied this case, if it had been proved that the right of the donees to the negroes given was disputed, and that the possession ^em was withheld 1 For any thing that appeared, the possession passed to the donees; and the po. session of one, was the possession of all the joint-tenants. But qucere, did the undivided part of Dorothy vest 'n possession of her husband by the marriage ? .f the possession was vested in her, it is to be considered as vesting in her husband by the marriage. In the ease of Speight v. Meigs, see below, the distributory share of tho wife was considered as vesting only ill interest and not in possession. This circumstance distinguishes that case from this. If it vested in possession m Dorothy, it vested ill possession, constructively, in the husband, Co. Lit. 351. 2 Bl Com. 397. 2 Com. Dig 84. 2 Hayw. 184, 185. 1 H. Bl. 535. Plowd. 10, 85, 86, 32, 87, 89, 53.